UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01960-MSK-CBS

SCOTT MATTES,

      Plaintiff,

v.

C.R. BARD, INC. and
BARD PERIPHERAL VASCULAR, INC.,

      Defendants.

_____

**STIPULATED PROTECTIVE ORDER**

_____

With the consent of counsel for the plaintiff and defendants in the above-captioned action,

IT IS HEREBY ORDERED that the documents and other information, including the substance and content thereof, designated by any defendant as confidential and produced by any party in support of motions, in response to written discovery, or during any formal or informal discovery in this litigation shall be subject to the terms of this Protective Order as set forth below.

1.     For purposes of this Order, "Confidential Information" means those documents and written responses, provided which are deemed proprietary and/or trade secrets and are designated as "confidential" by the designating, on the face of the document, "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL."

2.     All materials designated as "Confidential" shall be treated as confidential pursuant to the terms of this Protective Order until further order of this Court. The designation by any defendant of Confidential Information raises no presumption that the information or

documents are entitled under the law to protection. Any party may challenge the confidential designation of any information or documents, or otherwise apply to the Court by motion at any time on any grounds during the pendency of this case for a ruling that designated materials not be treated as confidential. Nothing in this Order shall be deemed to shift the burden of proof to the party challenging the confidential designation with regard to whether the materials produced pursuant to this Order are entitled to confidential treatment. Should the Court rule that any item designated confidential is not entitled under the law to protection, the designating party shall, within fourteen (14) days after all appeals are exhausted, provide the party challenging the confidential designation with copies of each item free of any language indicating that the item is subject to a Protective Order.

3.     Nothing in this Order shall be deemed a waiver of any parties' right to oppose any motion by any other party for a protective order or to oppose any objection to the disclosure of any information or documents on any legal grounds, including, but not limited to, the grounds that the party seeking the protective order has neither timely nor adequately objected to disclosure of such documents and information or moved for a protective order.

4.     Nothing in this Order shall be deemed a waiver of any parties' right to oppose discovery on grounds other than that the documents and information sought constitute or contain Confidential Information, or to object on any ground to the admission in evidence, at the trial of this action, of any Confidential Information.

5.     Whenever filed with the Court for any reason, all Confidential Information disclosed by any party shall be filed with the Court under seal and shall be kept under seal until further order of the Court. However, such Confidential Information shall continue to be available to the Court and to such persons who are permitted access to the same under this

2

Order.   Where possible, only the confidential portions of filings with the Court shall be filed under seal.

6.      All Confidential Information shall be used for the purpose of this lawsuit only, and except as permitted by this Order, the parties and their respective attorneys shall not give, show or otherwise divulge or disclose the substance of the Confidential Information, or any copies, prints, negatives or summaries thereof to any person or entity.

7.      Within the confines of this litigation, the parties and their respective attorneys are free to share the information contained in the documents with attorneys or other office personnel who are working on this case, including technical consultants and/or experts who are assisting counsel in the prosecution of this case.  Counsel for the parties in this case agree that all persons working on this matter will be made aware of the terms of this Order and be instructed that they are bound by this Order.

8.      Within the confines of this litigation, if the documents, materials and/or information are to be disclosed to technical consultants and/or experts to assist in the preparation of this matter for trial, the counsel for the party disclosing such information shall require each of them to execute an Agreement to Maintain Confidentiality in the form annexed hereto as Exhibit A.  All persons receiving or given access to Confidential Discovery Material in accordance with the terms of this Order consent to the continuing jurisdiction of this Court for the purposes of enforcing this Order and remedying any violations thereof.

9.      Counsel for the parties shall maintain a list of the names of all persons to whom the information is disclosed until such time as all materials covered by this Order are returned to counsel for the party who provided the materials set forth elsewhere in this Order.

10.    Confidential Information shall not be placed or deposited in any sort of data bank or otherwise be made available to indiscriminate or general circulation to lawyers, litigants, consultants, expert witnesses or any other persons or entities.  This paragraph and the other provisions of this Order shall not apply to materials which, if challenged by any party, the Court rules are not entitled to protection.

11.    The Parties and their counsel as well as their technical consultants and/or experts shall not otherwise sell, offer, advertise, publicize nor provide under any condition, any Confidential Information provided by any other party, to any competitor of any defendant, except as otherwise authorized herein.

12.    Upon completion of the trial and appeals, if any, in the instant action, or at the satisfaction of any judgment, or upon the conclusion of any settlement, if any, the parties' attorneys in the instant case shall return to the disclosing party's counsel the Confidential Information, and any and all copies, prints, negatives and summaries thereof, including any and all copies, prints, negatives and summaries in the possession of that party or in the possession of that party's experts and consultants.

13.    Inadvertent production of documents subject to work-product immunity, the attorney-client privilege or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall promptly notify the receiving party in writing of such inadvertent production.  If prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database.  No use shall be made of such documents

during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them.  The party returning such material then may move the Court for an order compelling production of the material, but such motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

14.     The determination of how any material designated as "Confidential" shall be used at the trial of this case, if any, is not made at this time.  Rather, any such determination will be made prior to trial.

DATED this 31st day of March, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge

CONSENTED TO BY:

| *s/Fred Abramowitz*_____ | *s/Daniel S. Wittenberg*_____ |
|---|---|
| Fred Abramowitz | Daniel S. Wittenberg |
| Abramowitz, Franks and Stroud | Snell & Wilmer, LLP |
| PO Box 7580 | 1200 Seventeenth Street, Suite 1900 |
| Albuquerque NM 87194-7580 | Tabor Center |
| Telephone: 505-247-9011 | Denver, CO 80202 |
| Facsimile: 505-897-7718 | Telephone: (303) 634-02972 |
| Email: abramowitzlaw@aol.com | Facsimile: 303-634-2020 |
| | Email: dwittenberg@swlaw.com |
| *Counsel for Plaintiff Scott Mattes* | |
| | Richard B. North, Jr. |
| | Nelson Mullins Riley & Scarborough, LLP |
| | 999 Peachtree Street, Suite 1400 |
| | Atlanta, GA 30319 |
| | Telephone: (404) 817-6155 |
| | Facsimile:  (404) 817-6050 |
| | Email: richard.north@nelsonmullins.com |
| | |
| | *Counsel for Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.* |
| | |

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01960-MSK-CBS

SCOTT MATTES,

Plaintiff,

v.

C.R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC.,

Defendants.

_____

**AGREEMENT TO MAINTAIN CONFIDENTIALITY**
_____

The undersigned agrees:

I hereby attest to my understanding that information or documents designated confidential are provided to me subject to the Stipulated Protective Order dated _____, _____ (the "Protective Order"), in the above-captioned litigation; that I have been given a copy of and have read the Protective Order, and that I agree to be bound by its terms. I also understand that my execution of this Agreement to Maintain Confidentiality, indicating my agreement to be bound by the Protective Order is a prerequisite to my review of any information or documents designated as confidential pursuant to the Protective Order.

I further agree that I shall not disclose to others, except in accord with Protective Order, any Confidential Discovery Material, as defined therein, or any information contained in such Confidential Discovery Material, in any form whatsoever, and that such Confidential Discovery

7

Material and the information contained therein may be used only for the purposes authorized by the Protective Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Discovery Material and information will continue even after this litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court for the District of Colorado for the purposes of any proceedings relating to enforcement of the Protective Order.

I further agree to be bound by and to comply with the terms of the Protective Order as soon as I sign this Agreement, whether or not the Protective Order has yet been signed by the Court.

Date: _____       By: _____

Subscribed and sworn to before me this
_____day of _____, ____


_____
        Notary Public